FILED

JUN 29 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOSE MARVIN CRUZ,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 09-72903

Agency No. A090-648-877

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 13, 2011
San Francisco, California

Before: O'SCANNLAIN and BYBEE, Circuit Judges, and HAYES, District
Judge.[**]

An Immigration Judge ordered Jose Marvin Cruz removed from the United

States to his native El Salvador, and the Board of Immigration Appeals (BIA)

affirmed. Cruz petitions this Court for review of the BIA's decision. Cruz admits

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable William Q. Hayes, U.S. District Judge for the District
of Southern California, sitting by designation.

that he is a removable alien, but seeks review of the BIA's denial of his claims for withholding of removal and protection under the Convention Against Torture (CAT). Alternatively, Cruz asks us to remand to the BIA with instructions to stay removal proceedings while Cruz moves to vacate his criminal convictions in Nevada state court in light of *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010).

Cruz's withholding of removal claim fails because Cruz has not shown that he is likely to be persecuted on account of his membership in a "particular social group" within the meaning of 8 U.S.C. § 1231(b)(3). The group Cruz identifies, "Salvadoran-American men who have received gang tattoos, who [have] associated with – and thus have unique knowledge of – gang members, and who chose never to join a gang, but nevertheless are perceived as gang members," is too broad and too amorphous to qualify as a "particular social group" for withholding of removal purposes.

Cruz's CAT claim is denied because he has not shown that the evidence compels the conclusion that he is likely to be tortured if he returns to El Salvador, as is required to overcome the BIA's contrary factual finding. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992). Finally, we decline to remand to the BIA so that Cruz can pursue *Padilla* claims in Nevada state court because Cruz has not shown that it is likely that he would succeed in such claims.

2

Cruz's petition for review is

**DENIED.**